IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv768 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| CLAY HICKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Robert Harden, a prisoner or pretrial detainee in the Douglas County Correctional Center ("DCCC"). Also before the court is filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the plaintiff has sued two agents of the Federal Bureau of Investigation ("FBI") and a private individual characterized by the plaintiff as an FBI informant. The

essence of the complaint is that the defendants set the plaintiff up or entrapped him by persuading the plaintiff to hire a "hitman" when the plaintiff did not really want to do so.

As to the federal agents, the plaintiff may be attempting to assert a "Bivens action," i.e., a civil rights claim based directly on the United States Constitution, under the authority of Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), in which the United States Supreme Court stated that damages may be obtained for unconstitutional conduct by individual federal officials. However, while a Bivens action may be maintained against federal officials in their individual capacity for constitutional torts committed personally, such an action may not be asserted against the United States, its agencies, or against federal employees in their *official* capacity. FDIC v. Meyer, 510 U.S. 471, 473, 484-86 (1994); Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003), cert. denied, 541 U.S. 1041 (2004).

The plaintiff has not alleged in the complaint that he is suing the FBI agents in their individual capacity. In those circumstances, the law presumes that the defendants are sued *only* in their *official* capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

In addition, the plaintiff does not state whether or not he faces criminal charges for hiring the hitman. If he is presently incarcerated on charges, or facing a trial in the future, for hiring the hitman, he may not use a civil rights action to cast doubt upon the validity of his confinement. The United States Supreme Court has explained that habeas corpus jurisdiction is the proper means by which to test the validity of custody, and a confined person may not circumvent habeas corpus requirements by the use of civil rights complaints. See, e.g., Muhammad v. Close, 540 U.S. 749, 750 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on

> circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence .... In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

In other words, the plaintiff must first prevail in a postconviction, habeas corpus or similar proceeding before he may bring a civil rights action if success on the merits of the civil rights claim would necessarily cast doubt on the validity of the plaintiff's continued confinement or conviction. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly, the plaintiff will have to amend his complaint to provide additional details before this action can proceed, as set forth below.

THEREFORE, IT IS ORDERED:

1. That upon initial review of the complaint, the court finds that additional information is required pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. That filing no. 2 is taken under advisement pending review of the Amended Complaint;

3. That the Clerk of Court shall provide the plaintiff with a complaint form; and

4. That the plaintiff shall have until February 26, 2007, to file an Amended Complaint in which he shall reassert his claims and provide the following additional information:

> (a) Is the plaintiff suing the defendants in their official capacity, individual capacity, or both capacities?
>
> (b) Has any criminal charge been lodged against the plaintiff by any jurisdiction relating to the subject matter of this lawsuit, i.e., the alleged

"hitman?"

(c) If charges were filed, are the charges concerning the hitman still pending, and, if so, where? If not, what was the disposition of the charges?

February 5, 2007.            BY THE COURT:

                             s/ *Richard G. Kopf*
                             United States District Judge